Gerald Pat BEGGS, Guardian of Lois Taylor Evans, N.C.M., Appellant,

v.

**TEXAS DEPARTMENT OF MENTAL HEALTH AND MENTAL RETARDATION et al., Appellees.**

No. 15180.

Court of Civil Appeals of Texas, San Antonio.

May 16, 1973.

Rehearing Denied June 13, 1973.

Brown, Herman, Scott, Dean & Miles, Fort Worth, John Feather, Stroud & Smith, Dallas, Joseph F. Leonard, Jr., Kerrville, for appellant.

John L. Hill, Atty. Gen., John M. Barron, Larry York, Robert W. Gauss, J. C. Davis, Asst. Attys. Gen., Austin, for appellees.

BARROW, Chief Justice.

This is an appeal from a take-nothing summary judgment in a suit brought under the Texas Tort Claims Act, Article 6252–19, Vernon's Tex.Rev.Civ.Stat.Ann. Appellant, the guardian of Lois Taylor Evans, N.C.M., brought the suit against appellees, the Texas Department of Mental Health and Mental Retardation (MH–MR) and the Texas Department of Public Welfare, to recover damages for personal injuries sustained by Ms. Evans when Ms. Bessie Herrling, a copatient at the Colonial Nursing Home in Kerrville, doused Ms. Evans with lighter fluid and ignited same.

The Tort Claims Act, hereinafter referred to as the Act, which became effective January 1, 1971, waives sovereign immunity to the limited extent provided therein and grants consent to sue for money damages for personal injuries or death on such claims. Greenhill and Murto, Governmental Immunity, 49 Tex.Law Rev. 462 (1971). Appellees are a unit of government within the terms of the Act, but were granted a summary judgment on the ground that the claim asserted herein did not come within the waiver of governmental immunity created by said Act.

Section 4 of the Act expressly waives and abolishes sovereign immunity to the extent of liability created by Section 3 thereof. Section 3 provides:

"Each unit of government in the state shall be liable for money damages for personal injuries or death when proximately caused by the negligence or wrongful act or omission of any officer or employee acting within the scope of his employment or office arising from the operation or use of a motor-driven vehicle and motor-driven equipment, other than motor-driven equipment used in connection with the operation of floodgates or water release equipment by river authorities created under the laws of this state, under circumstances where such officer or employee would be personally liable to the claimant in accordance with the law of this state, *or death or personal injuries so caused from some condition or some use of tangible property, real or personal*, under circumstances where such unit of government, if a private person, would be liable to the claimant in accordance with the law of this state. Such liability is subject to the exceptions contained herein,[1] and it shall not extend to punitive or exemplary damages. Liability hereunder shall be limited to $100,000 per person and $300,000 for any single occurrence for bodily injury or death." (Emphasis ours)

Appellant alleged that Ms. Evans had been a patient at the Kerrville State Hospital since 1959. In July, 1970, she was transferred to the Colonial Nursing Home, a private nursing home, by MH–MR employees with the consent of the Department of Public Welfare. Shortly thereafter, Ms. Herrling was also transferred to the

---

1. No exceptions are applicable to this claim.

Colonial Nursing Home; and on September 3, 1970, the incident occurred which resulted in severe injuries to Ms. Evans. The sole act of negligence alleged by appellant was that appellees were negligent ". . . in allowing the release of Bessie Herrling to a private nursing home with knowledge of the fact that Bessie Herrling was an extremely violent and dangerous person."

No motor-driven vehicle or equipment is involved in this claim; nor is it claimed that the injury was caused by the condition of real or personal property. Appellant urges, however, that the personal injuries herein were caused from some use of tangible property, real or personal, under circumstances whereby a private person would be liable to Ms. Evans. It has been recognized that the area of coverage created by this provision is rather vague, and the extent of liability created thereby is far from clear. See Smith, Insurance and the Texas Tort Claims Act, 49 Tex.Law Rev. 445, 453 (1971).

The Act does not define the word "use"; therefore, its common and ordinary meaning should be applied. Satterfield v. Satterfield, 448 S.W.2d 456 (Tex.1969); Jackson v. City of Corpus Christi, 484 S.W.2d 806 (Tex.Civ.App.—Corpus Christi 1972, writ ref'd n. r. e.). Webster's New Twentieth Century Dictionary, Second Edition, defines the word "use" as meaning "to put or bring into action or service; to employ for or apply to a given purpose."

The negligent act alleged against appellees is that an error of judgment was made by one or more of their employees in transferring Ms. Herrling to a private nursing home. Such error of judgment cannot reasonably be said to involve the negligent use of tangible property, real or personal. Therefore, this claim does not come within the waiver of governmental immunity created by the Act.

2. See: Texas Highway Department v. Weber, 147 Tex. 628, 219 S.W.2d 70 (1949); Jackson v. City of Corpus

Appellant asserts in the alternative that the Texas courts should re-examine and abolish entirely the doctrine of governmental immunity. She concedes that the Texas Supreme Court now recognizes such doctrine,[2] but urges that it is time for same to be abolished in the manner charitable immunity was abolished. See Howle v. Camp Amon Carter, 470 S.W.2d 629 (Tex.1971). This decision is properly one for our Supreme Court to determine and little would be gained by our repeating here the arguments for and against such action. See Greenhill, Governmental Immunity, XXXI Texas Bar Journal, 1036 (1968).

The judgment is affirmed.