Vincent HEYER, Individually and as
next friend of Kristen Heyer,
Appellant,

v.

NORTH EAST INDEPENDENT
SCHOOL DISTRICT, Appellee.

No. 04–86–00262–CV.

Court of Appeals of Texas,
San Antonio.

April 22, 1987.

Rehearing Denied May 28, 1987.

A.J. Hohman, Jr., San Antonio, John G. Gehring, San Antonio, for appellant.

Nan Seidenfeld, San Antonio, Paul M. Green, San Antonio, for appellee.

Before BUTTS, DIAL and CHAPA, JJ.

OPINION

CHAPA, Justice.

This is a suit by Vincent Heyer, individually and as next friend of his minor daughter, Kristen Heyer (hereafter referred to as Heyer), for damages against the North East Independent School District (hereafter referred to as the School District.) The suit stems from a motor vehicle-pedestrian accident upon the premises of one of the schools in the School District. This appeal arises from a complaint of the acts of the trial court in entering summary judgment in favor of the School District on the basis that the School District is immune from liability for such an occurrence.

The undisputed facts show that on the afternoon of November 19, 1982, Kristen Heyer was waiting to board her bus transportation home in an area designated by the MacArthur High School. James Messengele, a fellow student, was leaving the parking lot in his vehicle which was permitted on the premises. Messengele was engaged in "power-braking" his automobile, a practice whereby the driver, with the transmission in gear, applies the brakes and gas simultaneously. While so engaged, Messengele's foot slipped off the brake, causing the car to accelerate out of control across the parking lot, striking two parked cars, a group of students awaiting the bus, and coming to rest next to the school building. The impact caused Kristen Heyer serious bodily injuries which resulted in the present lawsuit. It is undisputed that the School District did not own the automobile

that injured Kristen Heyer and that no School District employee was operating the automobile that struck Miss Heyer. It is also undisputed that the premises in question were owned and under the control of the appellee.

In a summary judgment, the burden is upon the movant to prove there exists no material fact issue and that they are entitled to a judgment as a matter of law. *Mays v. Foremost Ins. Co.,* 627 S.W.2d 230, 233 (Tex.App.—San Antonio 1981, no writ); TEX.R.CIV.P. 166–A. Since there is no factual contest, this summary judgment should be affirmed only if the record establishes a right to the summary judgment as a matter of law. *Clutts v. Southern Methodist University,* 626 S.W.2d 334, 335 (Tex. App.—Tyler 1981, writ ref'd n.r.e.).

 Heyer's first point of error claims the trial court erred in granting summary judgment in favor of the School District, because immunity from appellant's cause of action is waived under the Texas Torts Claims Act, TEX.REV.CIV.STAT.ANN. art. 6252–19, §§ 3, 13, and 19A (repealed 1985).[1] Pursuant to art. 6252–19, § 19A, now recodified as §§ 101.021, 101.051, Civil Practice and Remedies Code, school and junior college districts are excluded from exposure to liability under the Texas Tort Claims Act except as to the operation and use of motor vehicles.[2] The question is whether the motor vehicle exception applies to the case at bar. We think not.

The Tort Claims Act does not define the word "use;" therefore, its common and ordinary meaning should be applied. *Satterfield v. Satterfield,* 448 S.W.2d 456 (Tex.1969); *Person v. Latham,* 582 S.W.2d 246 (Tex.Civ.App.—Beaumont 1979, writ ref'd n.r.e.); *Beggs v. Texas Department of Mental Health and Mental Retardation,* 496 S.W.2d 252 (Tex.Civ.App.—San Antonio 1973, writ ref'd). Webster's New Twentieth Century Dictionary, Second Edition, defines the word "use" as meaning "to put or bring into action or service; to employ for or applied to a given purpose." *Beggs,* 496 S.W.2d at 254. Webster's Seventh New Collegiate Dictionary defines the word "operation" as "a doing or performing of a practical work or of something involving practical application of principles or processes" and the word "use" as meaning "the act or practice of employing something." *Jackson v. City of Corpus Christi,* 484 S.W.2d 806, 809 (Tex.Civ.App. —Corpus Christi 1972, writ ref'd n.r.e.). To overcome governmental immunity, it must be shown that the damages were proximately caused by the negligence or wrongful act or omission of any officer or employee acting within the scope of his authority, arising from the operation or use of a motor vehicle. *Estate of Garza v. McAllen Independent School District,* 613 S.W.2d 526, 527 (Tex.Civ.App.—Beaumont 1981, writ ref'd n.r.e.). In *Lowe v. Texas Tech University,* 540 S.W.2d 297 (Tex.

---

1. Article 6252–19 states in part:

 Sec. 3. Each unit of government in the state shall be liable for money damages for personal injuries or death when proximately caused by the negligence or wrongful act or omission of any officer or employee acting within the scope of his employment or office arising from the operation or use of a motor-driven vehicle and motor-driven equipment, other than motor-driven equipment used in connection with the operation of floodgates or water release equipment by river authorities created under the laws of this state, under circumstances where such officer or employee would be personally liable to the claimant in accordance with the law of this state, or death or personal injuries so caused from some condition or some use of tangible property, real or personal, under circumstances where such unit of government, if a private person, would be liable to the claimant in accordance with the law of this state. Such liabil-

ity is subject to the exceptions contained herein, and it shall not extend to punitive or exemplary damages. Liability hereunder shall be limited to $100,000 per person and $300,000 for any single occurrence for bodily injury or death.

 \* \* \* \* \* \*

 Sec. 13. The provisions of this Act shall be liberally construed to achieve the purposes hereof.

 \* \* \* \* \* \*

 Sec. 19A. The provisions of this Act shall not apply to school districts except as to motor vehicles.

2. " 'Motor Vehicle' means every vehicle which is self-propelled and every motor vehicle which is propelled by electric power obtained from overhead trolly wires, but not operated upon rails." TEX.REV.CIV.STAT.ANN. art. 6687b, § 1(b) (1977).

1976), the Texas Supreme Court stated that the Texas Tort Claims Act provided for waiver of governmental immunity in three general areas, and one being the "use of publicly owned automobiles." The court in *Jackson v. City of Corpus Christi* 484 S.W.2d 806, declared that the "allegations of negligence related directly to the control of traffic" and were not "acts or omissions" which "in any way arise from the operation or use of a motor vehicle." *Id.* at 809. Upon rehearing, the court further stated that "Section 3 [Texas Tort Claims Act] requires that the negligence arise from the 'operation or use' of the vehicle [involved]." *Id.* at 810.

In the case at bar, as in *Jackson*, 484 S.W.2d 806, the allegations of negligence against the School District related to the control and supervision of the parking lot, students, and the traffic. The vehicle involved was not owned or operated by any agent of the School District. Under these facts and the pleadings of Heyer, we hold that they do not amount to acts or omissions arising from the operation or use of a motor vehicle contemplated by the Tort Claims Act exception.

Appellant's reliance on *Madisonville Independent School District v. Kyle*, 658 S.W.2d 149 (Tex.1983) is misplaced. In *Madisonville*, 658 S.W.2d 149, the Texas Supreme Court upheld the decision of the Waco Court of Appeals that the school district was liable under the vehicle exception of the Texas Torts Claims Act when a child student died crossing the highway after leaving a school bus following negligent directions of the busdriver. The case at bar is not in point with *Madisonville*, 658 S.W.2d 149. The facts before us do not indicate that a school district vehicle was at all involved in the accident, that a school employee was operating any vehicle connected with the accident, or that there was any causal connection between the injuries and the operation or use of any vehicle owned by the district or operated by an agent of the district.

Appellant also directs our attention to *Hopkins v. Spring Independent School District*, 706 S.W.2d 325 (Tex.App.—Houston [14th Dist.] 1986), *affirmed* 30 Tex. Sup.Ct.J. 5251 (February 25, 1987) (not yet reported). In *Hopkins*, 706 S.W.2d 325, the Court of Appeals upheld the immunity of the school district under the Tort Claims Act when a student afflicted with cerebral palsy, after being injured in the classroom by another student, went into convulsions in the school bus causing the bus driver to request, via radio, a nurse at the next bus stop. No nurse was provided and the busdriver's supervisor directed him to take the child to the child's day care center. The allegations were that the failure to provide adequate medical care, including during the bus trip, proximately caused the child's life expectancy to decrease.

On February 25, 1987, in affirming the Court of Appeals, the Texas Supreme Court said:

> Several Texas courts have held that when injuries are not the proximate result of the use or operation of the school bus, but the bus provides the setting of the injury, the actions do not fall within the section 101.051 immunity. *See Jackson v. City of Corpus Chri ti,* [sic] 484 S.W.2d 806 (Tex.Civ.App.—Corpus Christi 1972, writ ref'd n.r.e.); *Brantley v. City of Dallas,* 545 S.W.2d 284 (Tex. Civ.App.—Amarillo 1976, writ ref'd n.r. e.); *Estate of Garza v. McAllen Independent School District,* 613 S.W.2d 526 (Tex.Civ.App.—Beaumont 1981, writ ref'd n.r.e.); *Pierson et al. v. Houston Independent School District et al.,* 698 S.W.2d 377 (Tex.App.—Houston [14th Dist.] 1985, writ ref'd n.r.e.). Applying the common and ordinary meaning of the words "operation" and "use," Celeste Adeline's injury could not have arisen from the use of a motor vehicle as contemplated by the statute.

*Hopkins v. Spring Independent School District*, 30 Tex.Sup.Ct.J. 251 (February 25, 1987) (not yet reported). Point of error number one is overruled.

■ In point of error number two, Heyer contends the trial court erred in granting the summary judgment because the cause

of action arose from a proprietary activity conducted by the School District.

The distinction between a city and a school district is that a city exercises governmental and proprietary functions, whereas a school district performs no proprietary functions which are separate and independent of its governmental powers. *Braun v. Trustees of Victoria Independent School District,* 114 S.W.2d 947 (Tex. Civ.App.—San Antonio 1938, writ ref'd). As a general rule, activities which are carried on pursuant to the State's obligation for the general welfare of the public generally, or which are voluntarily assumed for the benefit of the public at large rather than for the primary benefit of its residents, are performed in a governmental function; activities which are performed primarily for the benefit of the inhabitants of the affected entity or agency are proprietary in nature. *Garza v. Edinburg Consolidated Independent School District,* 576 S.W.2d 916 (Tex.Civ.App.—Corpus Christi 1979, no writ). A school district is an integral part of the statewide public school system, and its activities, even though performed within the territorial limits of the district, do not render the activity local in nature. Such activities are performed for the benefit of all the people in the state, and therefore, are governmental functions. *Garza,* 576 S.W.2d at 918. There are many respects in which a city can act in a proprietary capacity, but it is difficult to imagine how a school district could act in such a capacity. The purpose for which the school district is created is purely governmental, and when carrying out the functions for which it was created, it could act only as an agent of the State. *Treadaway v. Whitney Independent School District,* 205 S.W.2d 97 (Tex.Civ. App.—Waco 1947, no writ). A school district's supervising and control of its students, school facilities, school activities, and school grounds are governmental functions. *Barr v. Bernhard,* 562 S.W.2d 844 (Tex.1978); *Duson v. Midland County Independent School District,* 627 S.W.2d 428 (Tex.Civ.App.—El Paso 1981, no writ); *Garza,* 576 S.W.2d 916; *Braun,* 114 S.W.2d 947. A careful review of all the authorities cited by Heyer fails to guide us to any authority which would hold that the activities complained of in the case at bar were proprietary. Point of error number two is overruled.

In his last point of error, Heyer asserts that Texas courts should reexamine and consider abrogating the broad tort immunity as to the school districts. This court considered this suggestion in *Beggs,* 496 S.W.2d 252, and stated that "this decision is properly one for our Supreme Court to determine and little will be gained by our repeating here the arguments for and against such action." *Id.* at 254, *citing,* Greenhill, Government Immunity, XXXI Texas Bar Journal 1036 (1968). We are likewise cognizant that in *Barr,* 562 S.W.2d at 844, the Supreme Court of Texas stated:

> We recently held that any waiver of governmental immunity is a matter to be addressed by the legislature. *Lowe v. Texas Tech University,* 540 S.W.2d 297, 298 (Tex.1976), and we are still of the opinion that it is the proper forum for such action.

*Id.* at 846. We find no compelling reason to disagree with either one of these opinions. The last point of error is overruled, and the trial court is affirmed.