

IN THE
TENTH COURT OF APPEALS

No. 10-08-00324-CV

MCLENNAN COUNTY AND RAY MEADOWS,

Appellants

v.

RANDOLPH VEAZEY AND DEBRA VEAZEY,

Appellees

From the 170th District Court
McLennan County, Texas
Trial Court No. 2008-525-4

**OPINION**

Randolph and Debra Veazey sued McLennan County and Ray Meadows both in his individual and official capacity pursuant to the Texas Tort Claims Act for damage done to a house the Veazeys were having moved. The County and Meadows filed a plea to the jurisdiction and an alternative motion for summary judgment. The trial court granted the summary judgment as to Meadows in his individual capacity. In the same order, the trial court denied the plea to the jurisdiction and alternative motion for summary judgment as to the County and Meadows in his official capacity. The County and Meadows appeal that portion of the order.

On appeal, the County and Meadows argue that governmental immunity was not waived regarding the Veazeys' cause of action. Because the trial court erred in denying the plea to the jurisdiction, we reverse the trial court's order and render judgment dismissing the Veazeys' claims.[1]

## BACKGROUND

The Veazeys hired a house mover. While moving a portion of the house along a McLennan County road, forward progress was blocked by trees along the sides of the road. Efforts to remove the house from obstructing the road caused damage to the house, and ultimately, the house was destroyed to clear the road.

The Veazeys sued Ray Meadows and McLennan County. The suit against Meadows, an elected McLennan County Commissioner, is against him in both his individual and in his official capacity. The suit against McLennan County is brought solely due to the actions of Meadows in his official capacity.

The suit alleges that Meadows was in charge of the efforts to clear the road of the house. It is further alleged that Meadows was negligent in the manner in which he ordered the house to be moved. Specifically, the Veazeys claim that although he did not actually operate the wrecker used to move the house backwards nor did he actually attach the wrecker winch-line (cable) to the beams on which the house was being moved, the wrecker company employee was following Meadows's instructions to the

---

[1] As discussed later in this opinion, the proper term when referring to the immunity of a political subdivision, rather than the State of Texas, is "governmental" immunity. This term, however, has not been consistently used in the cases. For consistency, we will use "governmental" immunity in all instances where it is appropriate even if the party or case used the term "sovereign" immunity. We will use the term "sovereign" immunity only when we are specifically referring to the immunity of the State.

extent that it was effectively Meadows's operation and use of the wrecker. By these allegations, the Veazeys attempt to bring themselves within the narrow waiver of governmental immunity when property damage is caused by a government employee's use or operation of a motor-driven vehicle or motor-driven equipment. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021 (Vernon 2005).

## SOVEREIGN/GOVERNMENTAL IMMUNITY

Sovereign immunity deprives a trial court of subject matter jurisdiction for lawsuits against the State or other governmental units unless the governmental unit consents to suit. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004). While sovereign immunity refers to the immunity from suit and liability of the State, governmental immunity protects political subdivisions of the State, including counties, cities, and school districts. *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 694 n.3 (Tex. 2003). Both sovereign and governmental immunity afford the same degree of protection and both levels of government are subject to the Tort Claims Act. TEX. CIV. PRAC. & REM. CODE ANN. § 101.001(3) (Vernon 2005); *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 655 (Tex. 2008). If an individual is sued in his official capacity, he may raise any defense that would be available to his employer, including the defense of immunity.[2] *Gonzalez v. Avalos*, 866 S.W.2d 346, 349 (Tex. App—El Paso

---

[2] Because the Veazeys sued both the County and Meadows, an employee of the County, the County could have filed a motion to dismiss Meadows under the election of remedies provision in the Tort Claims Act. TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(e) (Vernon 2005) ("If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit."). However, the County did not file a motion to dismiss.

1993, writ dism'd w.o.j.); *accord Bowen v. Comstock*, No. 10-05-00295-CV, 2008 Tex. App. LEXIS 3927, *5 (Tex. App.—Waco May 28, 2008, pet. dism'd) (memo. op.).

Because immunity from suit defeats a trial court's subject matter jurisdiction, it is properly asserted in a plea to the jurisdiction. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225-26 (Tex. 2004); *accord Tex. A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 844-46 (Tex. 2007). Whether a plaintiff has alleged facts that affirmatively demonstrate a trial court's subject matter jurisdiction is a question of law reviewed de novo. *Miranda*, 133 S.W.3d at 226. We consider the facts alleged by the plaintiff and, to the extent it is relevant to the jurisdictional issue, the evidence submitted by the parties. *Texas Natural Res. Conservation Comm'n v. White*, 46 S.W.3d 864, 868 (Tex. 2001).

## TEXAS TORT CLAIMS ACT

The Texas Tort Claims Act provides a limited waiver of immunity for certain suits against governmental entities and caps recoverable damages. *Mission Consol. Indep. Sch. Dist. v. Garcia,* 253 S.W.3d 653, 655 (Tex. 2008). Because the Act does not abolish immunity, we look to the terms of the Act to determine the scope of its waiver. *Kerrville State Hosp. v. Clark*, 923 S.W.2d 582, 584 (Tex. 1996). Further, when construing a statute that purportedly waives immunity, we generally resolve ambiguities by retaining immunity. *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 697 (Tex. 2003).

### Operation or Use

Pursuant to the Act, a governmental unit is liable for property damage proximately caused by the negligence of an employee acting within his scope of employment if the property damage arises from the operation or use of a motor-driven

vehicle or motor-driven equipment and the employee would be personally liable to the claimant according to Texas law. TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(1) (Vernon 2005). The Veazeys assert that the motor-driven vehicle at issue, in this case the wrecker, need not actually be operated by a governmental employee for the government and the employee to come within the statutory waiver. We disagree with the Veazeys.

The Veazeys' argument in this appeal is best expressed by the following paragraph from their brief.

> Texas Court's (sic) have construed the language of "operation or use" to mean the state actor was either operating the vehicle or, not actually operating the vehicle but in some way "using" the vehicle. A State Actor "uses" a motor driven vehicle when the State Actor somehow exercises direct control over a third party's operation of a motor driven vehicle. McLennan County and Ray Meadows exercised direct control over the wrecker driver on Culpepper Road in the following ways. First, by being in charge of the scene and not allowing the house to move down the road. Second, by ordering the tow truck driver to back up even after the driver informed Mr. Meadows that if he backed up the house in this fashion it would fall, and third, directing the movements of the driver on how to back up. These actions caused the house to fall into the ditch which led to the house having to be destroyed. Ray Meadows (sic) actions were the direct and proximate cause of the house falling into the ditch.

Appellants' brief pgs. 4-5. To support this argument, the Veazeys rely on *County of Galveston v. Morgan*, 882 S.W.2d 485 (Tex. App.—Houston [14th Dist.] 1994, writ denied) and *City of El Campo v. Rubio*, 980 S.W.2d 943 (Tex. App.—Corpus Christi 1998, pet. dism'd w.o.j.).

In *County of Galveston v. Morgan*, Morgan, the employee of an independent contractor, was injured when he fell from the bed of a truck while delivering road

resurfacing material to repair a county road. Galveston County supplied spotters signaled the truck drivers when to move forward and when to stop. One of the spotters moved the truck too close to a power line and Morgan climbed into the bed of the truck to determine how close it was to the power line. He received an electric shock which knocked him to the ground. The jury found Morgan and the County equally negligent. On appeal, the County challenged the legal and factual sufficiency of the evidence to support a finding that the accident arose from a County employee's use or operation of a motor driven vehicle. The County argued that the vehicle was not a County truck and the driver was not a County employee. The Houston Court rejected these arguments and found a waiver of immunity because the County spotters "used" or "operated" the trucks by controlling their movements. *County of Galveston v. Morgan*, 882 S.W.2d 485, 490 (Tex. App.—Houston [14th Dist.] 1994, writ denied).

In *City of El Campo v. Rubio*, the Corpus Christi Court of Appeals followed *Morgan*. In that case, a police officer allegedly ordered an unlicensed passenger to operate a motor vehicle following the driver's arrest. The passenger, in accordance with the officer's order, followed the patrol car onto the highway and was struck by another vehicle. The court of appeals found that immunity was waived because the officer "used" or "operated" the vehicle by exercising control over it. *City of El Campo v. Rubio*, 980 S.W.2d 943, 945-946 (Tex. App.—Corpus Christi 1998, pet. dism'd w.o.j.).

We decline to follow these cases. There is another line of cases that serves as a guide to our decision in this appeal.

The line of cases begins with the Texas Supreme Court's decision in *LeLeaux v. Hamshire-Fannett Indep. Sch. Dist.*, 835 S.W.2d 49 (Tex. 1992). In *LeLeaux*, Monica, a high school band student, had been sitting on the floor of a parked school bus, hanging her legs out of the opened rear emergency exit door. Monica jumped out of the rear emergency door of the parked school bus to retrieve a pillow that had fallen. She bumped her head on the door frame when she re-entered through the same door. The bus driver was not present when these events took place. After the bus driver entered the bus and discovered that the back door was open, he asked Monica to close it. As she attempted to do so, she passed out and fell to the ground. Monica sued the school district, alleging that the school district was negligent in its operation and use of school buses because of its practice of regularly loading and unloading band students and their instruments through the emergency doors. She made the same allegation against the bus driver. The trial court granted summary judgment for the school district on the ground of governmental immunity.

The Supreme Court held that "[w]hile the statute does not specify whose operation or use is necessary--the employee's, the person who suffers injury, or some third party—[]the more plausible reading is that the required operation or use is that of the employee. This requirement is consistent with the clear intent of the [Tort Claims] Act that the waiver of sovereign immunity be limited." *LeLeaux*, 835 S.W.2d at 51. Because the injury did not result from an employee's operation or use of the bus, the Court held that immunity was not waived. *Id*. at 52. Additionally, the Court found that

the bus driver was exercising his judgment and discretion and found him to be immune from liability. *Id*. at 53.

Another case is *Goston v. Hutchinson*, 853 S.W.2d 729 (Tex. App.—Houston [1st Dist.] 1993, no pet.). In *Goston*, two students were riding on a Houston Independent School District bus when they asked the driver to let them off at an undesignated stop where they were picked up by a friend. Later, the friend ran into a fixed object. One of the students was killed and the other was seriously injured. The school district and the bus driver were sued and asserted that they were entitled to governmental immunity because the injuries did not arise out of the use or operation of a motor vehicle. The trial court granted the school district's and the bus driver's motions for summary judgment. Following *LeLeaux* and other school bus cases, the Houston Court agreed that use of the school bus was not an issue in its case and affirmed the trial court's decision. *Id*. at 732-734.

Yet another case is *Sepulveda v. County of El Paso*, 170 S.W.3d 605 (Tex. App.—El Paso, pet. denied). In *Sepulveda*, in response to a complaint about drag racing in front of a company, an El Paso County deputy asked the company's assistant manager if the company would build a "berm" 50 feet from the paved part of the roadway to prevent the drag racers from escaping deputies on the unpaved part of the road. No one from the Sheriff's Department was present when the berm was constructed. Nevertheless, Sepulveda and others sued the County and the Sheriff after their vehicle collided with the berm. The County filed a plea to the jurisdiction, alleging that governmental immunity had not been waived. The trial court granted the plea to the jurisdiction.

On appeal, Sepulveda acknowledged that the deputy did not personally operate or use motor-driven equipment but argued that the deputy negligently exercised control over the company employee who built the berm. Sepulveda also relied on *Morgan* and *Rubio*, along with *Sem v. State*, 821 S.W.2d 411 (Tex. App.—Fort Worth 1991, no pet.) and *City of El Paso v. W.E.B. Investments*, 950 S.W.2d 166 (Tex. App.—El Paso 1997, pet. denied). The El Paso Court of Appeals distinguished these four cases from its case because it was undisputed that a county employee did not personally operate or use a motor-driven vehicle or equipment to construct the berm. *Sepulveda*, 170 S.W.3d at 614.

But we believe the better reasoned and more factually similar case in this line of cases is the Beaumont Court's decision in *Tarkington I.S.D. v. Aiken*, 67 S.W.3d 319 (Tex. App.—Beaumont 2002, no pet.). In that case, Aiken and his mother sued T.I.S.D. for personal injuries sustained while riding on the tailgate of a privately-owned pickup truck on school property. According to both parties, Aiken's supervisor, a T.I.S.D. employee, instructed Aiken and two others, who were participants in a summer work program, to move school desks from one building to another. The supervisor then left to mow the school's football field. After mowing for a period of time, he returned to the building and saw one of the participants backing up a pickup to the building. Aiken was on the tailgate. Aiken was injured when the driver backed into the building.

The thrust of Aiken's pleadings, evidence, and arguments was that a T.I.S.D. employee-supervisor, who was not driving the pickup, negligently supervised the program participant who *was* driving and that the T.I.S.D. supervisors were not

properly trained. *Tarkington I.S.D. v. Aiken*, 67 S.W.3d 319, 321-322 (Tex. App.—Beaumont 2002, no pet.). Although the T.I.S.D. employee did not bring the privately owned vehicle into service or action, did not employ it for or apply it to a given purpose, and did not perform a practical work with it, Aiken argued that governmental immunity was waived because the only supervisor on the site exercised control and direction over the program participants' actions and in that sense "used" or "operated" the pickup. *Id*. at 334. Like the Veazeys, to support his argument, Aiken relied on *Morgan* and *Rubio*.

The Beaumont Court did not accept Aiken's argument or the propositions advocated by *Morgan* and *Rubio*. Instead, and relying on the Texas Supreme Court decision in *LeLeaux*, the Beaumont Court held that Aiken's complaint did not fall within the scope of the waiver of immunity under the Tort Claims Act. *Id*. at 326; *see LeLeaux v. Hamshire-Fannett Indep. Sch. Dist*., 835 S.W.2d 49, 52 (Tex. 1992). The Court stated,

> Appellees would have us read the statute more expansively than *LeLeaux* stated it should be read. We decline to do so until directed otherwise by the Texas legislature or by the Texas Supreme Court. The record before us establishes that Tarkington I.S.D. did not own the vehicle and its employee did not operate or use the vehicle. There is no nexus between Mark Aiken's injuries and an employee's negligent operation or use of the vehicle.

*Tarkington I.S.D.*, 67 S.W.3d at 326.

Like the Beaumont Court, we decline to read the statute more expansively than it is written. The record in this case establishes that Meadows did not use or operate the wrecker, and thus, immunity was not waived as to McLennan County or Meadows in his official capacity.

*Personal Liability According to Texas Law*

The County and Meadows also assert that because Meadows would not be personally liable for the facts as alleged by the Veazeys, governmental immunity was not waived. Appellant's brief at pg. 14 ("Furthermore, Commissioner Meadows could not be personally liable to the Veazeys according to Texas law for allegedly making such statements. *See* § 101.021(1)(B), *Texas Civil Practice & Remedies Code*."). This requisite is the second element required to be found for there to be a waiver of governmental immunity under the Tort Claims Act provision.

A government employee, like any other employee, is generally not liable to an injured party if the duty owed the injured party arises solely from the relationship between the government and the person injured and not from a duty that arises generally on a person as a member of the public-at-large. This is where the provision that is largely ignored in the evaluation of governmental immunity is so critical: the provision that immunity is waived only if the employee would be liable to the claimant according to Texas law. It is this conjunctive requirement that goes with the negligent use or operation of a motor-driven vehicle or motor-driven equipment that caused injury that makes the test difficult to meet in situations where the actor is not actually operating the motor driven equipment as in this proceeding.

So, even if we held that Meadows used or operated the wrecker, Meadows was not individually liable to the Veazeys. This is one reason why the *Morgan* case is inapplicable to this proceeding. The Tort Claims Act provides for a limited waiver if property damage is proximately caused by the negligence of an employee acting within

the scope of employment and the property damage arises from the operation or use of a motor-driven vehicle or motor-driven equipment *and* the employee would be personally liable to the claimant. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(1) (Vernon 2005). In *Morgan*, the county did not allege individual immunity on behalf of the employees. Thus, the question of individual liability of the employee was not addressed by the court and did not have any impact on the court's decision on appeal. Had the county in *Morgan* alleged individual immunity, the result in that proceeding may have been different.

In this proceeding, the Veazeys are not actually asserting the wrecker was operated negligently. Rather, they are asserting that the decisions Meadows made about when and how to clear the road were his decisions and were negligent. The use of the wrecker was nothing more than the mechanical implementation by a sub-contractor of what the Veazeys assert were bad decisions. But whatever decisions Meadows made were made by him in his capacity as a commissioner in McLennan County to clear an obstruction from a roadway. As such, the duty is not Meadows's as a member of the public. Rather, it arises from his capacity as a commissioner.

If an action involves personal deliberation, decision, and judgment, it is discretionary; an action that requires obedience to orders or the performance of a duty to which the employee has no choice is ministerial. *Ramos v. Texas Dep't of Pub. Safety*, 35 S.W.3d 723, 727 (Tex. App.—Houston [1st Dist]. 2000, pet. denied) (citing *City of Lancaster v. Chambers*, 883 S.W.2d 650, 654 (Tex. 1994). In determining whether an act is discretionary, the issue is whether an employee was performing a discretionary

function, not whether he had the discretion to do an allegedly wrongful act while discharging that function or whether the employee's job description included discretionary duties. *Id*. (citing *Chambers*, 883 S.W.2d at 653). Whatever can be said of the nature of Meadows's actions, it is clear from all of the Veazeys' allegations and the evidence that there was no ministerial act that he was to perform and any action he engaged in was a discretionary decision in determining the best method by which to move the house so as to clear it from obstructing the county road. *Cf. Ramos*, 35 S.W.3d 723 (A Department of Public Safety officer was engaged in discretionary acts during a driving test by requesting the driver to perform various driving action and by evaluating whether the driver could safely operate the vehicle during the test.).

Therefore, immunity was also not waived as to McLennan County and Meadows in his official capacity because Meadows would not be liable as a private person under Texas law because Meadows is not liable in his individual capacity. *See DeWitt v. Harris County*, 904 S.W.2d 650 (Tex. 1995); *Ramos*, 35 S.W.3d at 729; *see also Leitch v. Hornsby*, 935 S.W.2d 114 (Tex. 1996) (Because a corporate officer acting on the corporation's behalf does not owe a corporate employee an individual duty to provide that employee with a safe work place, and because officers did not breach any separate duty, the court of appeals erred in affirming their individual liability.). This is consistent with the separate determination made by the trial court that dismissed Meadows in his individual capacity.

Because we sustain the first issue we need not address other issues raised by the County and Meadows.

**CONCLUSION**

Our holding is consistent with the general purpose of governmental immunity in that it protects the public coffers from uncertain and unpredictable results of litigation. If bad or negligent decisions or instructions about how to implement government decisions could result in liability because there is simply a use of a motor driven equipment or use of tangible personal property, it would, in large part, do away with governmental immunity.

Because Meadows was not using or operating a motor-driven vehicle or motor-driven equipment and because Meadows was not liable in his individual capacity, the trial court had no subject matter jurisdiction of the Veazeys' lawsuit and erred in denying the County's and Meadow's plea to the jurisdiction. Further, this jurisdictional defect in the Veazeys' negligence claims cannot be cured by allowing them to plead additional facts. *See Tex. Parks & Wildlife Dep't v. E. E. Lowrey Realty, Ltd*., 235 S.W.3d 692, 694 (Tex. 2007). Therefore, the trial court's order is reversed, and judgment is rendered that the claims against the County and Meadows are dismissed with prejudice.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Reyna, and
     Justice Davis
Reversed and rendered
Opinion delivered and filed March 10, 2010
[CV06]