NO. 07-11-0410-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JANUARY 2, 2013
_____

THOMAS GILMORE STEWART,

Appellant

v.

TEXAS DEPARTMENT OF CRIMINAL JUSTICE, ET AL.,

Appellees
_____

FROM THE 278TH DISTRICT COURT OF WALKER COUNTY;

NO. 23,807; HONORABLE KENNETH H. KEELING, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant Thomas Gilmore Stewart, an indigent inmate, appeals the dismissal of his lawsuit against the Texas Department of Criminal Justice (TDCJ) and various wardens of the prison in which he was incarcerated. Through the suit, he sought relief for injuries sustained upon slipping in a shower stall and for the conversion of his legal papers. The claims were initiated under the Texas Tort Claims Act and 42 U.S.C. § 1983. The State moved to dismiss under Chapter 14 of the Texas Civil Practice and Remedies Code. The motion was granted, and Stewart appealed.

*Chapter 14*

The claims of a prisoner suing *in forma pauperis* may be dismissed if frivolous. TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a)(2) (West 2002). And, in deciding that, the court may consider whether the claim has any arguable basis in law or fact. *Id.* § 14.003(b)(2).

*State Law Claims*

Next, sovereign immunity applies to claims asserted against state governmental entities and its employees sued in their official capacity. *McClennan County v. Veasey,* 314 S.W.3d 456, 458-59 (Tex. App.–Waco 2010, pet. denied). Such immunity is waived for non-intentional torts, TEX. CIV. PRAC. & REM. CODE ANN. § 101.057(2) (West 2011), involving realty or personalty of the State. *Id.* § 101.021(2). Regarding premises defects, the governmental unit simply owes the claimant the duty a private person would owe a licensee. *Id.* § 101.022(a). Finally, the duty a private person owes a licensee is to 1) avoid injuring the licensee through willful, wanton or grossly negligent conduct or 2) either warn of or make safe an unreasonable unsafe condition of which the licensee knows not. *Wigfall v. Tex. Dep't of Crim. Justice*, 137 S.W.3d 268, 276 (Tex. App.– Houston [1st Dist.] 2004, no pet.); *accord State v. Williams*, 940 S.W.2d 583, 584 (Tex. 1996) (specifying the elements for a premises liability claim asserted by a licensee).

An inmate slipping in a shower stall because of its construction is considered a premises defect. *Wigfall v. Tex. Dep't of Crim. Justice*, 137 S.W.3d at 276. Thus, the TDCJ had a duty to either warn of or make safe a condition about which Stewart knew not. Yet, Stewart's pleadings reveal that he knew of the slippery nature of the shower floor. His knowing about it precludes him from recovering against TDCJ. *See id.* at

2

276-77 (upholding the verdict against the inmate due to his knowledge of the condition, among other things). Simply put, the prison had no common law duty to make the shower floor reasonably safe so long as Stewart knew of the condition.

As for the allegation about prison personnel confiscating property, that claim would liken to conversion. And, conversion is an intentional tort. *City of Houston v. Petroleum Traders Corp.,* 261 S.W.3d 350, 361 (Tex. App.–Houston [14th Dist.] 2008, no pet.). Thus, it cannot be asserted given the bar of sovereign immunity.

As for the wardens being sued in their individual capacities, nothing in the pleadings suggests that they own the prison facilities or personally confiscated any property from Stewart. Nor did he allege facts which would render the wardens vicariously responsible for the confiscation, if any, undertaken by others. Thus, they would have no liability as individuals.

*Federal Claims*

We have been cited no authority holding that a slippery shower floor is actionable under 42 U.S.C. § 1983. Indeed, our research revealed otherwise. *Reynolds v. Powell*, 370 F.3d 1028, 1031 (10th Cir. 2004) (stating that "slippery floors constitute a daily risk faced by members of the public at large. Federal courts from other circuits have therefore consistently held that slippery prison floors do not violate the Eighth Amendment"); *Shaw v. TDCJ-CID*, 540 F. Supp. 2d 834, 838 (S.D. Tex 2008) (stating that "[a]t the most, Shaw's allegations indicate that the prison officials were negligent in failing to ensure that the showers were not slippery. This is a problem in common to showers, in and out of prison, and is not actionable as a civil rights claim").

As for the confiscation of his papers, it too fails to give rise to a civil rights claim in Texas. *Murphy v. Collins*, 26 F.3d 541, 543-44 (5th Cir. 1994) (stating that "[i]n Texas, as in many other states, the tort of conversion fulfills this requirement [*i.e.*, the provision of an adequate state post-deprivation remedy]. Accordingly, Murphy's claim based on the confiscation of his property is not actionable under section 1983"). Instead, Stewart had the ability to sue those who actually took his papers.

In view of the foregoing, Stewart's claims lack an arguable basis in law. Thus, we overrule each of Stewart's issues and affirm the dismissal.


Brian Quinn
Chief Justice

4