Affirmed and Memorandum Opinion filed August 15, 2006








Affirmed and Memorandum Opinion filed August 15, 2006.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00915-CV

____________

 

JAMES RANDEL TOWNSEND and NANCY E.
TOWNSEND, as Next Friends of HALEY PATTERSON and GARRETT PATTERSON, Appellants

 

V.

 

CITY OF ALVIN, Appellee

 



 

On Appeal from the 239th
District Court

Brazoria County, Texas

Trial Court Cause No. 33071

 



 

M E M O R A N D U M   O P I N I O N

Raleigh Patterson, as next friend of Haley and Garrett
Patterson, sued the City of Alvin (the ACity@) for negligence
arising out of a fatal automobile accident.  The trial court granted the City=s plea to the
jurisdiction.  On appeal, James Randel and Nancy E. Townsend, appellants,
substituted for Raleigh Patterson.  The sole issue on appeal is whether an Alvin
police officer used or operated a vehicle in such a manner as to waive
governmental immunity under the Texas Tort Claims Act (TTCA).  We affirm.








The trial court heard no evidence on this jurisdictional
issue, and the facts before us are taken from the pleadings at trial.  The
plaintiffs= petition alleged Scott Elliott, an Alvin, Texas
police officer, conducted a traffic stop for a speeding violation and learned
the seventeen-year-old driver, Michael Leroux, was unlicensed, untrained, had
no insurance for the vehicle, and could provide no form of identification. 
Despite this knowledge, Officer Elliott Aexercised control@ over Leroux=s vehicle and Aexhibited bad
faith when he commanded Leroux to drive straight home.@  Only minutes
later, Leroux ran a red light and broadsided another car, killing its driver,
Kimberly Patterson.  Raleigh Patterson, Kimberly Patterson=s husband, was a
passenger in the vehicle.  Raleigh and Kimberly had two children at the time of
the accident, eight-year-old Haley and three-year-old Garrett.

Raleigh Patterson, as next friend of Haley and Garrett (the
APattersons@), sued the City,
the Alvin Police Department, and Officer Scott Elliott for negligence under the
TTCA.[1] 
The trial court granted the City=s plea to the
jurisdiction, and the Townsends bring this appeal. 

Standard of Review

A unit of state government is immune from suit without the
state=s consent.  City
of Kemah v. Vela, 149 S.W.3d 199, 202 (Tex. App.CHouston [14th
Dist.] 2004, pet. denied).  Sovereign immunity from suit defeats a trial court=s subject matter
jurisdiction, and is properly asserted in a plea to the jurisdiction.  Id.  A
trial court must address whether it has subject matter jurisdiction over a case
before litigation may proceed.  Tex. Dep=t of Parks &
Wildlife v. Miranda, 133 S.W.3d 217, 226 (Tex. 2004).








Whether a plaintiff has alleged facts affirmatively
demonstrating a trial court=s subject matter jurisdiction is a
question of law we review de novo.  Bland Indep. Sch. Dist. v. Blue, 34
S.W.3d 547, 554 (Tex. 2000).  We construe the pleadings liberally in favor of
the plaintiffs, looking to their intent.  Lacy v. Bassett, 132 S.W.3d
119, 122 (Tex. App.CHouston [14th Dist.] 2004, no pet.).  If
the pleadings do not contain sufficient facts to affirmatively demonstrate the
trial court=s jurisdiction, but also do not affirmatively
demonstrate incurable defects in jurisdiction, the plaintiffs should be allowed
an opportunity to amend.  Id.  A plea to the jurisdiction may be granted
without allowing any opportunity to amend if the pleadings affirmatively negate
the existence of jurisdiction.  Id.  To prevail, the defense must show
that, even if all allegations in plaintiffs= pleadings are
true, there remains an incurable jurisdictional defect on the face of the
pleadings that deprives the trial court of subject matter jurisdiction.  Brenham
Hous. Auth. v. Davies, 158 S.W.3d 53, 56 (Tex. App.CHouston [14th
Dist.] 2005, no pet.).

The Texas Tort Claims Act=s Waiver of
Governmental Liability

The TTCA allows an
individual to sue a governmental unit Aonly in certain,
narrowly defined circumstances.@  Dallas County Mental Health &
Mental Retardation v. Bossley, 968 S.W.2d 339, 341 (Tex. 1998).  The TTCA
waives governmental immunity for claims involving:

(1)     property damage, personal injury, and death
proximately caused by the wrongful act or omission or the negligence of an
employee acting within his scope of employment if:

(A)     the property damage, personal injury, or
death arises from the operation or use of a motor‑driven vehicle or motor‑driven
equipment;  and

(B)     the employee would be personally liable to the claimant
according to Texas law.








Tex. Civ. Prac. & Rem. Code Ann. ' 101.021(1)
(Vernon 2005).[2] 
The City is not liable for injuries proximately caused by a negligent employee
unless the injury Aarises from the operation or use of a
motor-driven vehicle.@  Id.  AOperation@ means Aa doing or
performing of a practical work,@ and Ause@ means Ato put or bring
into action or service; to employ for or apply to a given purpose.@  LeLeaux v.
Hamshire-Fannett Indep. Sch. Dist., 835 S.W.2d 49, 51 (Tex. 1992).  AArises from,@ as it is used in
this statute, requires a nexus between the injury and the operation or use of
the vehicle.  Id.  That is, the use must actually cause the injury.  Tex.
Nat. Res. Conservation Comm=n v. White, 46 S.W.3d 864,
869 (Tex. 2001).  Furthermore, the governmental employee, and not some third
party, must operate or use the vehicle.  LeLeaux, 835 S.W.2d at 51.  The
statute does not, however, require the vehicle be a governmental vehicle, or
the employee actually drive the vehicle.  City of El Campo v. Rubio, 980
S.W.2d 943, 944 (Tex. App.CCorpus Christi 1998, pet. dism=d w.o.j.); County
of Galveston v. Morgan, 882 S.W.2d 485, 490 (Tex. App.CHouston [14th
Dist.] 1994, writ denied).[3]

Use or Operation
of a Motor-Driven Vehicle








The Pattersons/Townsends argue their petition alleges facts
that constitute a valid waiver of sovereign immunity under the TTCA.  They
claim, and the City agrees, that the controlling issue on appeal is whether
Officer Elliott=s command to Leroux to Adrive straight
home@ amounts to his Ause or operation@ of Leroux=s vehicle in order
to satisfy the TTCA=s requirements for waiving governmental
immunity.  This issue is not entirely settled in Texas jurisprudence.  Some
Texas appellate courts do not accept that a governmental employee can Ause@ or Aoperate@ a vehicle without
being the operator.[4] 
Others, including this Court, clearly do accept this possibility in certain
cases.[5]








The Pattersons cite two cases to support their claim that
they have effectively pled waiver under the TTCA.  In City of El Campo v.
Rubio, a police officer stopped a driver who was swerving between lanes. 
980 S.W.2d at 944.  The driver=s wife, Pascuala, and their two children
were in the van.  Id.  The officer discovered the driver=s license was
suspended, he arrested the driver and ordered Pascuala, who was unlicensed, to
drive the van.  Id.  The officer showed Pascuala how to work the gas and
brake pedals, stated he would activate his emergency flashers to clear the
road, and also asked if her twelve-year-old daughter could drive.  Id. 
Pascuala claimed she acted under the officer=s direct orders by
driving the van, and that she was fearful for her family=s safety on the
highway late at night.  Id.  Pascuala attempted to drive but, when she
pulled out, the officer was already on the highway making a U-turn, and her van
was hit by an oncoming vehicle.  Id.  The Rubio court found
governmental immunity was waived because the officer Aused or operated@ Pascuala=s van by exercising
control over the vehicle.  Id. at 947.  The court emphasized that
Pascuala had Alittle or no choice and no control over the
situation:  she could have driven the vehicle, she could have had her
twelve-year-old daughter drive the vehicle, or she could have sat on the side
of Highway 59 at midnight with two children until help arrived from Houston.@  Id. at
946.

In County of Galveston v. Morgan, county employees
supervised road repair work and provided Aspotters@ to signal the
trucking company=s drivers when to move forward and when to
stop.  882 S.W.2d at 487B88.  The spotters were necessary because
the drivers could not see any overhead obstructions.  Id. at 488.  This
Court found governmental immunity was waived under the TTCA after a spotter
directed a truck too close to a power line and Morgan, an employee of the
trucking company, received an electric shock.  Id. at 490B91.  In finding
the spotters Aused or operated@ the trucks to
waive immunity under the TTCA, this Court emphasized the spotters= sole discretion
over the trucks= operations and the fact that a driver
could be fired for moving his truck contrary to the spotters= directions.  Id.
at 490.

We find Morgan and Rubio are distinguishable
from the facts of this case.  The county employees in Morgan retained
sole discretion over each truck=s movements, and the drivers had to follow
their direction or risk being fired.  Morgan, 882 S.W.2d at 490.  Here,
Officer Elliott retained no control over Leroux=s vehicle, and
Leroux would suffer no consequence for disobeying Officer Elliott.  Rubio=s unique facts
also set it apart from this case.  In Rubio, Pascuala was told to follow
the officer to the police station after being given a brief lesson on how to
drive a car.  Rubio, 980 S.W.2d at 944.  Here, Leroux was not ordered to
follow Officer Elliott, and was not under his control.








We find this case is more analogous to Sepulveda v.
County of El Paso.  170 S.W.3d 605, 614 (Tex. App.CEl Paso 2005, no
pet.).  In Sepulveda, Victor Garcia, an employee of Jobe concrete
company, called Deputy Jorge Andujo of the sheriff=s department to
report illegal drag racing on the road leading up to his plant.  Id. at
608.  The road was paved up to the entrance of the plant and extended beyond
the plant as a dirt road.  Id.  Although the road was dedicated for
public use, it was never placed in the county road system, and the county did
not assume responsibility for maintaining the road.  Id. at 609.  To
contain the drag racers, Deputy Andujo asked Garcia to construct a temporary
sand berm no higher than two feet using one of Jobe=s front-end
loaders.  Id.  Garcia said Jobe would build the berm that afternoon and
remove it the following morning.  Id.  No one from the sheriff=s department was
present when the berm was constructed, and the berm was built between three and
five feet tall.  Id.  The following afternoon, Sepulveda=s vehicle collided
with the berm.  Id.  The El Paso Court of Appeals held immunity was not
waived because Deputy Andujo was not present for and retained no control over
the berm=s construction;
therefore, he did not Ause@ or Aoperate@ the vehicle that
constructed the berm.  Id. at 614.








In this case, the Pattersons allege Officer Elliott arrived
on the scene of the accident Amoments after it occurred and realized it
was the same individual that he had only moments before released . . . .@  Officer Elliott
released Leroux from a temporary detention with an admonishment, trusted that
Leroux would comply, and was not present when the accident occurred.  Leroux
was free to obey or disobey Officer Elliott=s command without
fear of consequence.  Even assuming Leroux feared discovery if he did not drive
straight home, he was free to choose any route without direction from another
person.[6] 
Although the Pattersons= pleadings allege Officer Elliott
exercised control over Leroux=s vehicle, the facts in support of this
allegation show only that he exercised discretion in letting Leroux go and
retained no control over the vehicle.  Therefore, the Pattersons= pleadings
affirmatively negate the existence of jurisdiction, and we find the trial court
did not err by granting the City=s plea to the
jurisdiction.[7]

We overrule the Pattersons= sole issue that
their petition alleged facts constituting a valid waiver of sovereign immunity
under the TTCA, and affirm the trial court=s judgment.

 

 

 

 

 

/s/      J. Harvey Hudson

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed  August 15, 2006.

Panel consists of
Justices Hudson, Fowler, and Seymore.









[1]  Claims against defendants Alvin Police Department
and Scott Elliott were voluntarily dismissed in the trial court.





[2]  The Pattersons/Townsends did not bring a claim for
any injuries arising from a condition or use of property under subsection (2)
of this statute.  Tex. Civ. Prac. &
Rem. Code Ann. ' 101.021(2).





[3]  We reject the City=s argument that the fact Leroux=s
vehicle is not a governmental vehicle is important to this case.  The City
cites cases that do not support this assertion.  These cases merely involve
governmental vehicles; their analyses do not hinge on whether the vehicle was
a governmental vehicle.  See Dallas Area Rapid Transit v. Whitley, 104
S.W.3d 540, 542B43(Tex. 2003) (finding immunity not waived when city
bus= use or operation did not cause injury after bus
driver forced passenger with cerebral palsy off bus when another passenger
began to threaten him, and that passenger then exited and beat first passenger
severely); City of Kemah v. Vela, 149 S.W.3d 199, 203B04 (Tex. App.CHouston
[14th Dist.] 2004, pet. denied) (finding immunity not waived when plaintiff was
placed in a patrol car parked in turn lane behind plaintiff=s car because patrol car merely furnished condition
that made plaintiff=s injuries possible when third party collided with
patrol car); Houston Indep. Sch. Dist. v. Brown, 123 S.W.3d 618, 623
(Tex. App.CHouston [14th Dist.] 2003, no pet.) (finding no waiver
of immunity when patrol car where girl was sexually abused was only the site of
the injury and car was not used to cause injury); City of Sugar Land v.
Ballard, 174 S.W.3d 259, 265B66
(Tex. App.CHouston [1st Dist.] 2005, no pet.) (stating claim that
officers negligently failed to properly secure minor in patrol car did not waive
governmental immunity because patrol car=s
use must have actually caused injury and actual cause of death was detainee=s decision to escape from car and into oncoming
traffic).





[4]  Tarkington Indep. Sch. Dist. v. Aiken, 67
S.W.3d 319, 324B25 (Tex. App.CBeaumont
2002, no pet.); Ramos v. City of San Antonio, 974 S.W.2d 112, 116B17 (Tex. App.CSan
Antonio 1998, no pet.); Columbus v. Barnstone, 921 S.W.2d 268, 272 (Tex.
App.CHouston [1st Dist.] 1995, no writ).  But see Ramos
v. Tex. Dep=t of Pub. Safety, 35 S.W.3d 723, 735 (Tex. App.CHouston
[1st Dist.] 2000, pet. denied) (Mirabal, J., concurring in part and dissenting
in part) (stating majority erred by finding officer enjoyed official immunity
and therefore not addressing governmental liability; stating also that
pleadings alleging officer operated or used vehicle when he instructed driver=s license road test taker to park vehicle were
sufficient to support jurisdiction); Vineyard v. City of San Antonio,
No. 04-03-00458-CV, 2004 WL 572312, at *2 (Tex. App.CSan Antonio Mar. 24, 2004, pet. denied) (not
designated for publication) (stating immunity waived only when employee is
operator of vehicle but acknowledging immunity can be waived when employee
exercises clear control over injured party=s
vehicle by leading or directing the party, and such action must take place
immediately before or during the accident).





[5]  See  Morgan, 882 S.W.2d at  490B91 (finding county road crew Aspotters@
used or operated vehicle by instructing driver to park close to a power line); Austin
Indep. Sch. Dist. v. Gutierrez, 54 S.W.3d 860, 866 (Tex. App.CAustin 2001, pet. denied) (finding immunity waived
when school bus driver took affirmative action of honking horn to signal a
child to cross the street); City of El Campo v. Rubio, 980 S.W.2d 943,
944 (Tex. App.CCorpus Christi 1998, pet. dism=d w.o.j.) (finding officer Aused or operated@
vehicle by ordering unlicensed motorist to drive and instructing her how to
operated gas and brake pedals); City of El Paso v. W.E.B. Inv., 950
S.W.2d 166, 170 (Tex. App.CEl Paso 1997,
pet. denied) (finding immunity waived when governmental employee negligently
ordered vehicle to demolish building without checking conflict in demolition
order, even though employee did not physically operate equipment); Finnigan
v. Blanco County, 670 S.W.2d 313, 316 (Tex. App.CAustin 1984, no writ) (per curiam) (finding immunity
waived when officer left police car unattended with motor running outside jail
and inmate used car to escape).





[6]  The Pattersons/Townsends argue the trial court
erroneously granted the plea to the jurisdiction based on the City=s argument that the amount of control alleged was
insufficient to constitute waiver.  Appellants contend the amount of control is
a question of fact that cannot be resolved in a plea to the jurisdiction.  We
disagree.  We have liberally construed the pleadings in appellants= favor.  However, having found appellants= petition affirmatively negates the existence of
jurisdiction, the trial court did not err in granting the City=s plea to the jurisdiction.  Lacy, 132 S.W.3d
at 122.





[7]  We do not reach the City=s alternative argument against waiver of governmental
immunity under the TTCA.