

In The
Court of Appeals
Seventh District of Texas at Amarillo

_____

No. 07-16-00037-CV
_____

JORGE RODRIGUEZ, APPELLANT

V.

CITY OF FORT WORTH, APPELLEE

On Appeal from the 153rd District Court
Tarrant County, Texas
Trial Court No. 153-272274-14; Honorable Susan McCoy, Presiding

December 8, 2017

MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant, Jorge Rodriguez, appeals from the trial court's order granting the City of Fort Worth's plea to the jurisdiction in his suit for damages arising from the City's condemnation and subsequent demolition of an unoccupied residence owned by Rodriguez. By two issues, Rodriguez contends the trial court abused its discretion in

granting Fort Worth's plea to the jurisdiction and in dismissing his claim with prejudice before allowing him to amend his pleadings.[1]  We affirm.

BACKGROUND

The record before us establishes that *prior* to Rodriguez's ownership of a residential structure in the City of Fort Worth, it was found to be substandard and hazardous to public health by the City's Building Standards Commission.  On September 24, 2012, the Commission held a hearing to determine whether to condemn and demolish the structure.  By written order, the Commission directed that the structure be repaired to conform with City codes by October 24, 2012, or be demolished if repairs were not made.  The order provided that failure to repair the premises would authorize the City to enter the property and demolish the structure at the expense of the property owner.  A copy of the order was mailed to the then owner and filed in the deed records of Tarrant County on October 19, 2012.

Rodriguez, a self-employed construction worker, alleged in his live pleading that he purchased the property on December 12, 2012, without personal knowledge of the Commission's order to demolish the property.[2]  He purchased the property for approximately $14,000 from Eduardo Ybarra with whom he had previous dealings in

---

[1] Originally appealed to the Second Court of Appeals, this appeal was transferred to this court by the Texas Supreme Court pursuant to its docket equalization efforts. TEX. GOV'T CODE ANN. § 73.001 (West 2013).  Should a conflict exist between precedent of the Second Court of Appeals and this court on any relevant issue, this appeal will be decided in accordance with the precedent of the transferor court.  TEX. R. APP. P. 41.3

[2] The filing of the City's Condemnation Order in the deed records of Tarrant County did provide Rodriguez with constructive notice of the order.

investment properties. Following his purchase, Rodriguez placed building materials inside the structure with the intent to renovate the structure for resale.

In late May 2013, Rodriguez received a letter from the City that the Historic and Cultural Landmarks Commission had approved a *Certificate of Appropriateness* to demolish his property. On June 17, 2013, he went to the City's Planning and Development Department to seek clarification on the letter. He was advised by an unidentified City employee that the letter had been issued in error and that his property was not scheduled for demolition.

Despite the City employee's assurance, Rodriguez discovered on June 29, 2013, that his property had been demolished the previous day. The City had engaged an independent contractor for demolition of the structure. Rodriguez again visited City Hall where he was offered paperwork to make a claim and asked whether he intended to file suit. He submitted a claim for damages which was denied.

The denial of his claim prompted Rodriguez to file suit against the City under the Texas Tort Claims Act (TTCA). By his first amended petition filed in October 2014, Rodriguez alleged that the City intentionally and negligently demolished his property and its contents through the operation or use of a motor-driven vehicle or motor-driven equipment. In response, the City filed its plea to the jurisdiction seeking dismissal of Rodriguez's suit on the ground that there was no waiver of governmental immunity under the TTCA.

Rodriguez responded to the City's plea to the jurisdiction by asserting that he plead a "takings claim" in his live pleading in addition to his tort claim under the TTCA.[3]  By a supplemental plea to the jurisdiction and a second supplemental plea to the jurisdiction, the City asserted that the TTCA did not apply when an independent contractor performed the work.  The City also disputed whether Rodriguez alleged a takings claim in his live pleading.  Rodriguez responded to both supplemental pleas by re-urging his takings claim which he maintained was properly alleged in his live pleading.  He also alleged he was denied notice and an opportunity to be heard because several notices regarding the demolition had been mailed to the previous owner (Ybarra) by the City even though he had been the record owner for months.[4]  Rodriguez requested that he be allowed to amend his pleading but did not, and months later, the trial court granted the City's plea to the jurisdiction.

SOVEREIGN/GOVERNMENTAL IMMUNITY

"Sovereign immunity and its counterpart, governmental immunity, exist to protect the State and its political subdivisions from lawsuits and liability for money damages." *Mission Consol. Indep. Sch. Dist. v. Garcia,* 253 S.W.3d 653, 655 (Tex. 2008); *Reata Constr. Corp. v. City of Dallas,* 197 S.W.3d 371, 374 (Tex. 2006).  Sovereign immunity protects the State, as well as its agencies and officials; *Ben Bolt-Palito Blanco Consol.*

---

[3] Rodriguez claimed he had alleged a "takings" claim in his live pleading when he asserted in paragraph 16 that the City demolished his property "without proper notice or due process from a government agency."

[4] During Rodriguez's deposition, a recorded warranty deed showing him as the grantee was offered as an exhibit but it does not appear in the clerk's record.  According to his testimony, he is listed as the grantee, but the grantee's address belonged to Ybarra—the seller.  He could not explain why Ybarra's address was listed under the grantee's name.  Additionally, Rodriguez testified he did not use a title company nor did he obtain title insurance.

*Indep. Sch. Dist. v. Texas Political Subdivs. Prop./Cas. Joint Self-Ins. Fund*, 212 S.W.3d 320, 323-24 (Tex. 2006); *Reata Constr. Corp.*, 197 S.W.3d at 374, whereas, governmental immunity protects political subdivisions of the State, including counties, cities, and school districts. *Ben Bolt*, 212 S.W.3d at 324.

Under the doctrines of sovereign and governmental immunity, it has long been recognized that there are two separate and distinct components to immunity: (1) immunity from liability, which bars enforcement of a judgment against a governmental entity and (2) immunity from suit, which bars suit against the governmental entity altogether. *Tooke v. City of Mexia*, 197 S.W.3d 325, 332 (Tex. 2006); *Texas Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 224 (Tex. 2004). These two components of immunity have come to be applied in a variety of circumstances to promote the pragmatic purpose of immunity, which is to "shield the public from the costs and consequences of improvident actions of their governments." *Tooke*, 197 S.W.3d at 332. Accordingly, the State and its political subdivisions are protected from both lawsuits and liability unless (1) immunity does not apply to the claim or (2) immunity has been waived. *Tex. Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 853 (Tex. 2002).

Immunity is an affirmative defense subject to waiver, *Miranda,* 133 S.W.3d at 224; however, the Legislature has the exclusive authority to do so by statute. *IT-Davy*, 74 S.W.3d at 853-54. To ensure that this legislative control is not lightly disturbed, statutes waiving immunity are strictly construed as not waiving immunity unless that waiver is effected by "clear and unambiguous" language. *See* TEX. GOV'T CODE ANN. § 311.034 (West 2013). *See also Oncor Elec. Delivery Co. LLC v. Dallas Area Rapid Transit*, 369 S.W.3d 845, 849 (Tex. 2012); *Tooke*, 197 S.W.3d at 332-33. Resultantly, in determining

the existence of waiver of immunity, any ambiguity should be resolved in favor of retaining immunity. *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 697 (Tex. 2003).

TEXAS TORT CLAIMS ACT/WAIVER OF IMMUNITY

The TTCA provides a limited waiver of sovereign and governmental immunity. TEX. CIV. PRAC. & REM. CODE ANN. § 101.001-.109 (West 2011 & Supp. 2017).[5] A governmental unit is liable for property damage caused by the wrongful act or omission or the negligence of a government employee acting within the scope of employment if the property damage arises from the operation or use of a motor-driven vehicle or motor-driven equipment and the employee would be personally liable to the claimant under Texas Law. § 101.021(1)(A). A city is a governmental unit. § 101.001(3)(B).

The TTCA defines "employee" but excludes from that definition "an independent contractor, an agent or employee of an independent contractor, or a person who performs tasks the details of which the governmental unit does not have the legal right to control." § 101.001(2). "Arises from" requires a nexus between the damage negligently caused by a governmental employee and the operation or use of a motor-driven vehicle or motor-driven equipment. *LeLeaux v. Hamshire-Fannett Independent School District*, 835 S.W.2d 49, 51 (Tex. 1992). "Operation" means "a doing or performing of a practical work." *Id.* "Use" means "to put or bring into action or service; to employ for or apply to a given purpose." *Id.*

---

[5] All references to "section" or "§" are to the Texas Civil Practice and Remedies Code unless otherwise designated.

STANDARD OF REVIEW—PLEA TO THE JURISDICTION

A plea to the jurisdiction is a dilatory plea that challenges a trial court's authority to decide the subject matter jurisdiction of a specific cause of action. *Miranda*, 133 S.W.3d at 225-26. The party suing a governmental entity bears the burden of affirmatively demonstrating the trial court has jurisdiction to hear the dispute. *Tex. Dep't of Criminal Justice v. Miller*, 51 S.W.3d 583, 587 (Tex. 2001). In the context of a claim of sovereign or governmental immunity from suit, the proponent of a plea to the jurisdiction contends the trial court lacks subject matter jurisdiction over the claim because it is protected by immunity from suit which has not been legislatively waived. *W. Tex. Mun. Power Agency v. Republic Power Partners, L.P.*, 428 S.W.3d 299, 304 (Tex. App.—Amarillo 2014, no pet.). If the pleadings are insufficient to establish jurisdiction but do not affirmatively demonstrate an incurable defect, the plaintiff should be afforded an opportunity to amend his pleadings. *State v. Holland*, 221 S.W.3d 639, 643 (Tex. 2007). In some cases, a plea to the jurisdiction may require the court to consider evidence pertaining to jurisdictional facts. *Miranda*, 133 S.W.3d at 227. A plea should not be granted if a fact issue is presented as to the court's jurisdiction, but if the relevant undisputed evidence negates jurisdiction, then the plea to the jurisdiction must be granted. *Id.* at 227-28.

We review a trial court's ruling on a plea to the jurisdiction under a *de novo* standard. *Tex. D.O.T. & Edinburg v. A.P.I. Pipe & Supply, LLC*, 397 S.W.3d 162, 166 (Tex. 2012); *Miranda*, 133 S.W.3d at 226. In doing so, we exercise our own discretion and redetermine each legal issue, without giving deference to the lower court's decision. *See Quick v. City of Austin*, 7 S.W.3d 109, 116 (Tex. 1999) (op. on reh'g).

7

ISSUE ONE—PLEA TO THE JURISDICTION

RODRIGUEZ'S TORT CLAIM

Rodriguez contends the trial court erroneously granted the City's plea to the jurisdiction because its immunity was waived when motor-driven equipment was the proximate cause of the damage to his property. Specifically, he alleged that motor-driven vehicles and the City's employees, while acting within the scope of their employment, were responsible for the destruction of his property. He did not, however, allege that his damages "arose from" the "operation" or "use" of that equipment by a City employee.

In support of its plea to the jurisdiction, the City provided a copy of the contract entered into with the independent contractor for demolition of Rodriguez's property. Paragraph five of the contract provides as follows:

> [t]he City agrees to hire Contractor as an independent contractor, and not as an officer, servant, or employee of the City. Contractor shall have the exclusive right to control the details of the work performed hereunder and all persons performing same, and shall be solely responsible for the action and omissions of its officers, agents, employees, and subcontractors. Nothing herewith [sic] shall be construed as creating a partnership or joint venture between the City and Contractor, its officers, agents, employees, and subcontractors, and the doctrine of respondent [sic] superior has no application as between the City and Contractor.

The City also provided an affidavit from its superintendent of the Building Standards Division of the Code Compliance Department. She averred that demolition was accomplished by a private contractor and its employees and that no City employee was involved in using any motor-driven vehicle or equipment.

Rodriguez asserts that the independent contractor's employees were working under instructions from City employees which implicated a waiver of the City's

8

governmental immunity. In a somewhat similar case involving the demolition of condemned property, *County of El Paso v. W.E.B. Invs.*, 950 S.W.2d 166, 170 (Tex. App.—El Paso 1997, writ denied), the court found a waiver of immunity where the condemned property was demolished through the use of motor-driven equipment owned by the City of El Paso and operated by its employees. *Cf. County of Galveston v. Morgan*, 882 S.W.2d 485, 490 (Tex. App.—Houston [14th Dist.] 1994, writ denied) (finding a waiver of immunity where county employees acting as spotters "used" or "operated" an independent contractor's truck by controlling its movements during a road resurfacing project); *City of El Campo v. Rubio*, 980 S.W.2d 943, 945-46 (Tex. App.—Corpus Christi 1998, pet. dism'd w.o.j.) (finding "use" or "operation" of a motor-driven vehicle where a police officer instructed an unlicensed passenger how to operate the vehicle following the driver's arrest).

Here, however, there is nothing in the record to show that City employees were involved with the demolition by "operating" or "using" motor-driven vehicles or equipment or by exercising any control over the independent contractor or its employees. No City-owned motor-driven vehicles or equipment were used in the demolition of Rodriguez's property and there is nothing in the record to support Rodriguez's bare assertion that City employees were instructing the independent contractor or its employees or exercising any degree of control over the demolition. His pleadings do not establish that any City employee "used" or "operated" any motor-driven vehicle or equipment in carrying out the demolition. Consequently, Rodriguez did not show that the City waived its governmental immunity.

9

Rodriguez further maintains the trial court erred in granting the City's plea to the jurisdiction because he alleged a takings claim in violation of Article I, section 17 of the Texas Constitution. That section provides that "[n]o person's property shall be taken, damaged or destroyed for or applied to public use without adequate compensation being made, unless by the consent of such person." TEX. CONST. art. I, § 17. Neither sovereign nor governmental immunity shield a governmental entity from a claim based on an unconstitutional taking of property. *Tex. Parks & Wildlife Dep't. v. Sawyer Trust,* 354 S.W.3d 384, 390 (Tex. 2011); *General Servs. Comm'n v. Little-Tex Insulation Co.*, 39 S.W.3d 591, 598 (Tex. 2001).

In order "[t]o establish a takings claim, the claimant must seek compensation because the defendant intentionally performed actions that resulted in taking, damaging, or destroying property for public use without the owner's consent." *Sawyer Trust,* 354 S.W.3d at 390-91 (citing *Little-Tex Insulation Co.*, 39 S.W.3d at 598). The premise for a constitutional takings claim is that one person should not have to bear the cost of his property being put to public use unless he consents. *Id.* at 391. Whether a claimant's allegations are sufficient to constitute a takings claim is a question of law for the trial court to decide. *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 936 (Tex. 1998).

Here, Rodriguez did not allege any facts demonstrating that demolition of his property was for public use. The improvements on the property were found to be substandard and hazardous to public health; however, the owner was given the opportunity to bring those improvements up to code in order to prevent their demolition.

10

When the improvements were not brought up to code, the public health hazard was removed. As such, Rodriguez's claims do not allege a constitutional takings claim.

Because Rodriguez did not establish a waiver of governmental immunity as to his tort claim nor did he allege a cause of action exempt from a claim of immunity, such as a takings claim, the trial court did not err in granting the City's plea to the jurisdiction. Issue one is overruled.

ISSUE TWO—PLEADING DEFICIENCY

When a plaintiff fails to plead facts that establish jurisdiction but the petition does not demonstrate incurable defects, the issue is one of pleading sufficiency and the plaintiff should be afforded the opportunity to amend. *See Miranda*, 133 S.W.3d at 226-27. *See also County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002). If, however, the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiff an opportunity to amend. *Brown*, 80 S.W.3d at 555. Furthermore, a plaintiff should not be permitted to relitigate jurisdiction once that issue has been finally determined. *Harris County v. Sykes*, 136 S.W.3d 635, 639 (Tex. 2004).

In his responses to the City's supplemental pleas to the jurisdiction, Rodriguez requested leave to amend his live pleading to assert facts to establish the trial court's jurisdiction. Those responses were filed on January 29, 2015, and on July 6, 2015. The trial court subsequently signed the order granting the City's plea to the jurisdiction on November 24, 2015. Because Rodriguez had a reasonable opportunity to amend his

pleadings, he cannot now be heard to complain about being deprived of a reasonable opportunity to amend.

Furthermore, even if Rodriguez were afforded an opportunity to amend his pleading, his live pleading indicates an incurable defect as to both his tort claim and his takings claim. The City used an independent contractor for the demolition; thus, governmental immunity was a bar to Rodriguez's suit and amending his pleading could not have cured that jurisdictional defect because the record unequivocally established that City employees did not "use" or "operate" any motor-driven vehicle or equipment to demolish his property. *See Brown*, 280 S.W.3d at 555. Additionally, Rodriguez could not have cured jurisdictional defects concerning a takings claim because he cannot establish the City demolished his property for public use. Consequently, the trial court did not err in denying Rodriguez an opportunity to replead his claims. Issue two is overruled.

CONCLUSION

The trial court's order granting the City of Fort Worth's Plea to the Jurisdiction is affirmed.

Patrick A. Pirtle
Justice

12